IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO


EVELYN MELÉNDEZ, ET AL.

Plaintiff

v.                                      CIVIL NO. 97-2128 (JAG)

DR. RICARDO BRAU-RAMIREZ, ET AL.

Defendants
_____

### TAXATION OF COSTS

On April 2, 2002, judgment was entered for defendants (Docket Entry No. 101). On April 10, 2002, defendant Dr. Ricardo H. Brau-Ramírez filed a timely Bill of Costs (Docket Entry No. 102). On April 23, 2002, plaintiffs filed objections to defendants' bill of costs (Docket Entry No. 103).

Defendant is seeking a total award of $16958.77. The Clerk has reviewed the parties' submissions, the Bill of Costs, and the record, and now makes the following determinations.

**A. Fees of the Court Reporter.**

Defendant seeks taxation of $909.00 plus $2168.00 in court reporter fees.

28 U.S.C. §1920(2) permits taxation as costs "Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." Such fees include the costs of deposition transcripts that are either introduced into evidence or used at trial." Templeman v. Chris Craft Corp., 770 F.2d 245, 249 (1st Cir.), cert. denied, 474 U.S. 1021 (1985); Donnelly v.

<u>Rhode Island Board of Governors for Higher Education</u>, 946 F.Supp. 147, 152 (D.R.I. 1996). Even if the depositions are not introduced into evidence or used at trial, the Court has the discretion to tax the costs of transcript fees if there are "special circumstances" warranting this action. <u>Donnelly</u>, 946 F.Supp. at 151. Special circumstances were shown where the transcripts were necessary for purposes of cross examination of the adverse parties' witnesses. <u>Id</u>. But no special circumstances were shown with respect to the transcripts of the party's own witnesses, since they were obtained only for convenience or to be helpful to counsel. <u>Donnelly</u>, 946 F.Supp. at 152.

Defendant has made no showing that the depositions for which it obtained transcripts were reasonably necessary when they were taken. Further, in view that this case was resolved by way of a dispositive motion, the depositions were taken solely for investigative and discovery purposes. Such costs should not be taxed against the plaintiff. Therefore, this expense is **disallowed.**

B. **Interpreters and Translators.**

Defendant seeks taxation of $206.70 for translation of "Expert Psychiatric Report" on an expedited basis, and $54.00 for translation of sworn statement. Salaries, fees, expenses and costs of interpreters as provided by 28 U.S.C. §1827-1828, and fees for translation of documents received in evidence, are taxable. Expenses incurred in translating documents filed to the English language are also allowed. Local Rule 108.1.

CIVIL NO. 00-2098(SEC)

Sums paid to expert witnesses as compensation or fees for services provided in the litigation cannot be allowed or taxed as costs in federal cases. Templeman, 770 F.Supp. at 249-50. In this particular case, the expert report was not a taxable cost, nor was its translation to the English language. This cost is, therefore, **disallowed.**

Further, from defendant's submission, we have no way to determine for what purposes the sworn statement for which a translation cost is being sought was used for. This cost is, therefore, **disallowed.**

**C. Messenger Service.**

Defendant asks that a total of $142.00 in messenger services be taxed to plaintiff. It is well established that this item is not taxable under §1920. Hollenbeck v. Falstaff Brewing Corp., 605 F.Supp. 421, 439 (D.Mo. 1984), affd., 780 F.2d 20 (8th Cir. 1985)(holding that office expenses are not "costs" as that term is used in §1920, but rather are non-taxable "out-of-pocket expenses"). These are not litigations costs, but are items normally associated with the practice of law and are commonly referred to as 'overhead' costs." Cody v. Private Agencies Collaborating Together, Inc., 911 F.Supp. 1,6(D.D.C. 1995)(holding that postage, messenger, Federal Express, telephone, parking, and travel are all overhead costs.) Therefore, this cost is **disallowed.**

-3-

CIVIL NO. 00-2098(SEC)

**D. Witness fees.**

Section 1920(3) permits the taxation of witnesses fees. This Section authorizes payment of the statutory fee only for "attendance", not for mere consultation or for other services of experts.

No witness appeared at trial because this case was decided by way of a motion to dismiss for lack of subject matter jurisdiction. Thus, this cost is **disallowed.**

**E. Fees for Expert Witnesses.**

In the Bill of Costs, defendant included expenses related to expert witnesses services. Absent explicit statutory authority to the contrary, the recovery of costs for privately-retained expert witnesses is limited to $40.00 per day, as provided in 28 U.S.C. §1821(b). Thus, costs for expert witnesses are not allowable in excess of $40.00 per appearance, except when the witness is court-appointed under 28 U.S.C. §1920(6). As stated, the statutory fee is only for "attendance", not for mere consultation or for other services of experts.

Defendant did not show that the depositions for which he obtained transcripts were reasonably necessary when they were taken. This cost is, therefore, **disallowed.**

-4-

CIVIL NO. 00-2098(SEC)

**F. Travel expenses.**

Plaintiff seeks taxation of $2656.57 in travel expenses. It is also well establish that attorneys' travel expenses are generally not allowed costs under §1920. <u>Hollenbeck v. Falstaff Brewing Corp.</u>, 605 F.Supp. 421, 439 (D.Mo. 1984) <u>affd.</u>, 780 F.2d 20 (8th Cir. 1985)(Absent extraordinary or compelling circumstances, travel of attorneys is not a taxable cost of taking depositions). Accordingly, this cost is **disallowed.**

In light of the above, the bill of costs presented by defendant is **DISALLOWED** in its entirety.

Pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, the above determination may be reviewed by the District Court, provided a Motion to Review is filed within five (5) days from receipt of this notification.

In San Juan, Puerto Rico, this _26th_ day of _June_ 2003

FRANCES RíOS DE MORáN
CLERK OF COURT

Angel Valencia-Aponte
Chief Deputy Clerk

-5-